# CHARLESTON.

Byus Mankin Lumber Company *v.* Landes Construction Company

(No. 6767)

Submitted November 12, 1930. Decided November 18, 1930.

(Rehearing Denied January 19, 1931.)

*Robert H. C. Kay,* for plaintiff in error.
*Ashworth & Crouse,* for defendant in error.

Hatcher, Judge:

Plaintiff furnished defendant lumber and other building material over a period extending from June 14, 1928, to January 11, 1929. On March 7, 1929, the plaintiff recovered a judgment in the circuit court of Raleigh County against the defendant (and his surety) for $3,437.25, as balance due on

account of such materials. It does not appear when that suit was instituted but the account filed by the plaintiff therein extends from June 14th to December 15, 1928.

This is an action brought in July, 1929, in which the plaintiff sought to recover $1,248.25, for two cars of lumber shipped defendant on July 4th and 6th, 1928, respectively, with interest thereon from August 1st of that year. The defendant pleaded the general issue and also *res judicata.* The trial court directed a verdict for plaintiff for the principal sum without interest.

The bookkeeper of plaintiff was the only witness. He testified that the two cars of lumber were shipped to defendant by Blue Jay Lumber Company at the instance of plaintiff; that the lumber had not been paid for by defendant and was not included in the account upon which judgment was recovered in March, 1929; that while he had directed the Blue Jay Lumber Company to ship this lumber, he had not learned of its actual shipment until in April, 1929; that under the contract with defendant, payment for this lumber was not due until thirty days after a statement thereof was sent to defendant, and that the first statement of this particular lumber was mailed defendant "in the neighborhood of" April, 1929. The witness gave no explanation of why he remained in ignorance of this shipment from July, 1928, to April, 1929. On cross-examination, he permitted himself to be led into saying that a statement for the lumber was "presumably" sent within a few days after it was shipped, and that statements were sent out the first of the month following shipment of the lumber. On re-direct examination, however, as well as in his examination in chief, the evidence of the witness is very clear that he did not include this lumber in the statement made on August 1st to defendant, and in fact, did not send out any statement thereof prior to April, 1929.

The only evidence offered by the defendant was the bill and its exhibits and the decree in the former suit. The account filed in that suit does not include the two cars of lumber, for which payment is now sought.

While charging interest on this lumber from August 1, 1928, is not consistent with the position of plaintiff that payment

was not then due under the contract (a statement of the lumber not having been mailed defendant at that time), yet there is no denial by defendant of the terms of the contract as stated by plaintiff's bookkeeper. The lower court did not consider this inconsistency of sufficient weight to overthrow the evidence as to that contract, and we cannot say the holding is plainly wrong.

Because of the antiquity and universal acceptance of the rule of *res judicata,* a lengthy discussion thereof seems unnecessary. It comes to us even from the Roman law as administered by the praetors. The maxim *Nemo debet bis vexari pro une et eadem causa* (No one ought to be twice vexed for one and the same cause) prohibits the splitting of a cause of action and suing thereon "piecemeal". If this is attempted, the first adjudication will be held to have concluded every matter "which might with propriety have been litigated and determined in that action." Black on Judgments (2nd Ed.), sec. 731. 34 C. J., subject Judgments, sec. 1236. *Bodkin* v. *Rollyson,* 48 W. Va. 453, 455. But this rule requires that the two claims separately sued on be "parts of one and the same cause of action, equally available for purposes of suit at the time of the first action." 34 C. J., *supra,* sec, 1239 (p. 828) ; Black, *supra,* sec, 734, p. 1104. The rule obviously cannot apply to claims "which by reason of their nature could not have been included in the first action." 2 Freeman on Judgments (5th Ed.), sec. 597. This limitation of the general rule is recognized even when the several claims arise out of the same contract. Black, *supra,* sec. 747; 34 C. J., *supra,* sec, 1247; *Staples et al* v. *Goodrich,* 21 Barb. (N. Y.) 317. Here all of the claims arose out of the same general contract. But payment was not due on this lumber under the contract until after a statement was sent defendant and such a statement had not been sent when the former suit was instituted. Payment thereon was not due at that date, and claim therefor could not properly have been included in the first suit. Therefore, the rule of *res judicata* has no application to the present action. *Mc-Laughlin* v. *Hill,* 6 Vt. 20.

The judgment of the circuit court is affirmed.

*Affirmed.*