# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

2023 Fall Term

_____

No. 23-ICA-22

_____

FILED

**October 30, 2023**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

KAPITUS SERVICING, INC.,
Plaintiff Below, Petitioner,

v.

TIMBERLINE FOUR SEASONS UTILITIES, INC.,
and
CANAAN VALLEY PUBLIC SERVICE DISTRICT,
Defendants Below, Respondents.

_____

Appeal from the Business Court Division of The Circuit Court of Tucker County
Honorable Michael D. Lorensen, Judge
Civil Action No. CC-47-2022-C-4

REVERSED AND REMANDED WITH DIRECTIONS
_____

Submitted: October 12, 2023
Filed: October 30, 2023

Ancil G. Ramey, Esq.
Sarah C. Ellis, Esq.
Benjamin McFarland, Esq.
Colton C. Parsons, Esq.
Steptoe & Johnson PLLC
Charleston, West Virginia
Counsel for Petitioner

Martin P. Sheehan, Esq.
Sheehan & Associates, PLLC
Wheeling, West Virginia
Counsel for Respondent Timberline Four
Seasons Utilities, Inc.

John W. Cooper, Esq.
Cooper & Preston, PLLC
Davis, West Virginia

Jeffrey S. Zurbuch, Esq.
Busch, Zurbuch & Thompson, PLLC
Elkins, West Virginia
Counsel for Respondent Canaan Valley
Public Service District

CHIEF JUDGE GREEAR delivered the Opinion of the Court.

JUDGE LORENSEN, voluntarily recused.

Judge Jason Wharton, sitting by temporary assignment.

GREEAR, Chief Judge:

Petitioner, Kapitus Servicing Inc. ("Kapitus") appeals the December 20, 2022, order of the Business Court Division of The Circuit Court of Tucker County ("business court") granting Respondents, Timberline Four Seasons Utilities, Inc. ("Timberline") and Canaan Valley Public Service District's ("Canaan PSD") (collectively "respondents") *Motion to Dismiss*.[1]

Having reviewed this matter, we find that the circuit court erred in granting respondents' motion to dismiss as res judicata precluded any other determination as to the validity of the contractual relationship between Kapitus and Timberline following the rulings of the United States Bankruptcy Court for the Northern District of West Virginia ("bankruptcy court"). Accordingly, we reverse and remand this case to the business court for further proceedings consistent with this opinion.

## I. Background

On April 28, 2017, Timberline voluntarily entered into a Revenue Based Factoring Agreement ("Agreement") with Kapitus.[2] Under this Agreement, Kapitus advanced

---

[1] On April 11, 2022, Timberline and Canaan PSD jointly filed their 12(b)(6) motion to dismiss, alleging Kapitus had failed to state a claim upon which relief could be granted, and that the matter should be dismissed with prejudice.

[2] Kapitus is an authorized servicing agent for First U.S. Funding. Based on the bankruptcy court's order, Timberline had partial ownership of the sewer and water systems that were created in relation to the development of Timberline Ski Resort in the 1980s. This ownership interest was conveyed by the original developer, sometime after the

1

Timberline $130,000 in exchange for Timberline's "future receipts, accounts, contract rights and other obligations arising from or relating to the payment of monies," and was granted a security interest in Timberline's personal property from its "customers and/or third-party payors." As part of the Agreement, Timberline made the following representations to Kapitus:

1. Timberline was in good financial condition and not insolvent;

2. Timberline obtained all necessary governmental approvals to enter the Agreement;

3. Timberline was authorized to enter the Agreement;

4. Timberline would not enter into any other purchase or security agreements related to the purchased receivables; and

5. Timberline had good and marketable title to all purchased receivables, free and clear of all liabilities and liens.

In May of 2017, Kapitus issued full payment to Timberline. By late June of 2017, Timberline had stopped making payments to Kapitus under the Agreement.[3] In February of 2019, the West Virginia Public Service Commission ("PSC") filed a petition in the Circuit Court of Tucker County to place Timberline in receivership. The circuit court appointed Canaan PSD as receiver for Timberline in March of 2019. According to Kapitus, it did not receive notice of Timberline's receivership prior to filing a civil suit against

---

completion of Resort to other individuals. Those individuals then transferred a portion of these utilities to Respondent Timberline Four Seasons Utilities, Inc.

[3] Kapitus' complaint alleges that Timberline breached the Agreement by only making a total of $42,794 in payments.

2

Timberline in the Commonwealth of Virginia, Hanover County on May 16, 2019, for payments missed under the Agreement. On January 28, 2020, the Circuit Court of Hanover County granted default judgment in favor of Kapitus against Timberline ("Virginia judgment order").

On March 11, 2021, Timberline filed for Chapter 11 bankruptcy protection. Thereafter, Kapitus filed, in bankruptcy court, its initial proof of claim on May 20, 2021, and an amended proof of claim on August 2, 2021. The amended proof of claim asserted a secured claim against Timberline for $166,355.71 plus interest, attorneys' fees, and any other fees/costs. The bankruptcy court noted that Kapitus had previously perfected its security interest by filing its financial statement on August 10, 2016, and renewed the company's financial statement on June 10, 2021. Timberline filed objections to both Kapitus' original and amended proof of claims.

On August 5, 2021, the bankruptcy court held an evidentiary hearing on Timberline's objections. The court overruled the objections and found that Kapitus' claim was supported by the Virginia judgment order. On September 8, 2021, Timberline filed a motion to reconsider with the bankruptcy court, arguing that Hanover County lacked jurisdiction to grant judgment against Timberline, and further asserted that the Agreement between Kapitus and Timberline was void because it was not approved by the PSC, per West Virginia Code § 24-2-12 (1984).

On October 25, 2021, the bankruptcy court issued an order setting aside the Virginia judgment order based upon a lack of jurisdiction. As to Timberline's objection to Kapitus' claim, the bankruptcy court first addressed whether the Agreement was enforceable without PSC approval. On this issue, it was determined that while West Virginia Code § 24-2-12 (1984) generally states that contracts entered into by a public utility to sell or otherwise dispose of "franchises, licenses, permits, plants, equipment, business, or other property" require PSC approval, there are recognized exceptions to this requirement. Through those limited exceptions, it was concluded that the Agreement was valid notwithstanding a lack of PSC approval. *See generally In re Timberline Four Seasons Utilities, Inc.*, No. 2:21-BK-00125, 2021 WL 4952613, at *6-8 (Bankr. N.D.W. Va. Oct. 25, 2021). The bankruptcy court also found that even though the Agreement was enforceable without PSC approval, due to the fraud and misrepresentations by Timberline, the Agreement was voidable. Specifically, the bankruptcy court concluded that:

> [T]he [A]greement is voidable at Kapitus'[sic] discretion and may be enforced if it so chooses. Kapitus does wish to enforce the agreement, evidenced by its security agreement and contesting of [Timberline]'s current proposed plan which treats Kapitus'[sic] claims as invalid. Pursuant to the [A]greement and valid UCC-3 Continuation Statement dated June 10, 2021, Kapitus has a valid security interest in [Timberline]'s accounts receivable.

*Id.* at * 8-10.

On November 1, 2021, the PSC filed a motion in bankruptcy court, seeking to lift the automatic stay and permit the PSC to perform an investigation into the validity of the

Agreement. On November 2, 2021, Timberline filed a request for the bankruptcy court to reconsider its October 25, 2021, ruling. At a hearing on December 15, 2021, the bankruptcy court denied Timberline's motion to reconsider and granted the PSC's motion, but also held that Kapitus' claim was valid and enforceable regardless of the PSC investigation into the validity of the Agreement and that the bankruptcy court's orders were final and enforceable. On December 28, 2021, Timberline filed a motion to dismiss its bankruptcy case based on purported issues with fulfilling its reorganization requirements under Chapter 11 and noted that returning the receivership to the circuit court was the correct course of action. Timberline's motion was granted on January 14, 2022.

On March 7, 2022, Kapitus filed the underlying civil action in the Circuit Court of Tucker County against Timberline and Canaan PSD. Kapitus' complaint alleged several counts, including a breach of contract claim, against Timberline. When the complaint was filed, there was a proceeding pending before the PSC entitled, "General Investigation of Financing Agreement Between Timberline Four Seasons, Inc., and Kapitus Servicing." According to Timberline, Kapitus was named as a respondent by the PSC and was invited to participate in the proceeding but elected not to do so. By recommended decision dated March 21, 2022, the PSC's Administrative Law Judge found that, pursuant to West Virginia Code § 24-2-12 (1984), the Agreement was void; that the security agreement based upon the Agreement was void; and that the financial statement designed to perfect the resulting security agreement was equally void. The PSC adopted this recommendation as its final decision on April 10, 2022.

5

On April 11, 2022, respondents jointly filed a *Motion to Dismiss* pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. In their motion, respondents alleged that as a result of the PSC's decision, Kapitus' complaint failed to state a claim upon which relief could be granted and argued that the matter should be dismissed with prejudice. In its accompanying memorandum, respondents argued that the PSC's order was res judicata as to Kapitus' underlying civil action. Kapitus filed a response arguing that the PSC order did nothing to negate the effects of the bankruptcy court's orders, which unequivocally determined that Kapitus had a valid claim and security interest against Timberline through the Agreement, regardless of PSC approval. Kapitus argued that the bankruptcy court's rulings were binding pursuant to the principles of res judicata. Thereafter, the civil action was transferred to the business court.

On October 11, 2022, the business court held a hearing on respondents' motion to dismiss. On December 20, 2022, that court entered an order granting the motion, in part, and dismissing Kapitus' breach of contract claim. The business court reasoned that West Virginia Code § 24-2-12 (1984) and the Supreme Court of Appeals of West Virginia's decision in *Lockard v. City of Salem*, 127 W. Va. 237, 32 S.E.2d 568 (1944) were dispositive of the case. West Virginia Code § 24-2-12 (1984), provides, in pertinent part, that:

> Unless the consent and approval of the Public Service Commission of West Virginia is first obtained: (a) No public utility subject to the provisions of this chapter, except railroads other than street railroads, may enter into any contract with any

6

other utility to operate any line or plant of any other utility subject thereto, nor which will enable such public utility to operate their lines or plants in connection with each other, but this shall not be construed to prevent physical connections between utilities supplying the same service or commodity, for temporary purposes only, upon condition, however, that prompt notice thereof be given to the commission for such action, if any, as it may deem necessary, and thereafter the commission may require such connection to be removed or discontinued; (b) no public utility subject to the provisions of this chapter, except railroads other than street railroads, may purchase, lease, or in any other manner acquire control, direct or indirect, over the franchises, licenses, permits, plants, equipment, business or other property of any other utility; (c) no public utility subject to the provisions of this chapter, except railroads other than street railroads, may assign, transfer, lease, sell, or otherwise dispose of its franchises, licenses, permits, plants, equipment, business or other property or any part thereof; but this shall not be construed to prevent the sale, lease, assignment or transfer by any public utility of any tangible personal property which is not necessary or useful, nor will become necessary or useful in the future, in the performance of its duties to the public; (d) no public utility subject to the provisions of this chapter, except railroads other than street railroads, may, by any means, direct or indirect, merge or consolidate its franchises, licenses, permits, plants, equipment, business or other property with that of any other public utility; (e) no public utility subject to the provisions of this chapter, except railroads other than street railroads, may purchase, acquire, take or receive any stock, stock certificates, bonds, notes or other evidence of indebtedness of any other public utility; (f) no public utility subject to the provisions of this chapter, except railroads other than street railroads, may, by any means, direct or indirect, enter into any contract or arrangement for management, construction, engineering, supply or financial services or for the furnishing of any other service, property or thing, with any affiliated corporation, person or interest[.]

The business court rejected the bankruptcy court's ruling, which distinguished *Lockard* in finding that under West Virginia law, the Agreement was voidable at the election of Kapitus, but not void. The court did not address either party's res judicata argument. Instead, relying solely on deference, the court concluded that the breach of contract claim must be dismissed. The business court found that its ruling was an appealable order pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure. It is from this order that Kapitus now appeals.

## II.     Standard of Review

The parameters of our appellate review of the circuit court's order granting a motion to dismiss a complaint is *de novo*. Syl. Pt. 2, *State ex. rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 773, 461 S.E.2d 516, 519 (1995). "The term 'de novo' means 'anew.' In other words, we review the circuit court's ruling in the same way that the circuit court made the ruling, as though the ruling were never made." *State v. Legg*, 207 W. Va. 686, 691 n.8, 536 S.E.2d 110, 115 n.8 (2000). With this standard in mind, we consider the issues raised on appeal.

## III.     Discussion

On appeal, Kapitus asserts five assignments of error:

1. The circuit court erred by failing to apply res judicata to the bankruptcy court's orders;

2. Assuming the bankruptcy court's orders were not entitled to claim preclusion, the circuit court erred by failing to afford

issue preclusion to the factual findings and legal conclusions contained therein, issues fatal to Timberline's defense;

3. The circuit court erred by holding that Timberline's strategic dismissal of its bankruptcy proceedings somehow invalidated the bankruptcy court's orders or stripped them of their preclusive effect;

4. The circuit court's application of *Lockard* was clearly erroneous; and

5. Kapitus did not waive its right to argue that res judicata applied to the bankruptcy court's order by electing not to participate in the Public Service Commission proceeding.

Several of Kapitus' arguments on appeal involve one central question which we find dispositive of the case; specifically, did the business court err in failing to find that the bankruptcy court's order regarding the validity of the contractual relationship between Kapitus and Timberline was res judicata.[4] To this question we answer, yes and find that the bankruptcy court's order had a preclusive effect and was res judicata. Specifically, we find the business court erred in failing to find that the bankruptcy court's October 25, 2021, order was res judicata as to the current dispute between the parties.

However, as a prelude to addressing Kapitus' claims on appeal, we must first determine if, under the limited facts and circumstances of this case, that the bankruptcy

---

[4] *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 227 (2012) (assignments of error will be consolidated and discussed accordingly).

court's October 25, 2021, order is enforceable following the dismissal of the bankruptcy case. We find that it is.

The October 25, 2021, bankruptcy order determined that while West Virginia Code § 24-2-12 (1984) generally requires contracts entered into by a public utility to sell or otherwise dispose of "franchises, licenses, permits, plants, equipment, business, or other property" require PSC approval, there are recognized exceptions to this requirement. Through those limited exceptions, it was concluded that the Agreement was valid notwithstanding a lack of PSC approval. *See generally In re Timberline Four Seasons Utilities, Inc.,* 2021 WL 4952613 at *6-8. The bankruptcy court held the Agreement enforceable without PSC approval. Based upon the misrepresentations by Timberline, the bankruptcy court held the Agreement was voidable, finding:

> [T]he [A]greement is voidable at Kapitus's discretion and may be enforced if it so chooses. Kapitus does wish to enforce the agreement, evidenced by its security agreement and contesting of [Timberline]'s current proposed plan which treats Kapitus's claims as invalid. Pursuant to the [A]greement and valid UCC-3 Continuation Statement dated June 10, 2021, Kapitus has a valid security interest in [Timberline]'s accounts receivable.

The United States Bankruptcy Appellate Panel of the Sixth Circuit has held that "[a]n order determining the validity or priority of a claim is a final order." *See Beneke Co., Inc. v. Economy Lodging Systems, Inc. (In re Economy Lodging Systems., Inc.)*, 234 B.R. 691, 693 (6th Cir. BAP 1999) (order disallowing unsecured claim and denying administrative priority for post-petition fees is final appealable order). In the underlying

10

case, the bankruptcy court issued a memorandum opinion and subsequently entered a final judgment, on October 25, 2021.[5] Timberline did not appeal the bankruptcy order, however it filed a motion for reconsideration of the court's ruling, which was denied by in the bankruptcy court in a December 16, 2021, order. Similarly, Timberline did not appeal the order denying its request for reconsideration. Instead, Timberline filed a motion to dismiss the bankruptcy proceeding, with the alleged questionable intent of avoiding the application of the final order of the bankruptcy court regarding the validity of the Agreement, a contract under the law of West Virginia.

Timberline argues that a dismissal of its bankruptcy proceeding nullified the bankruptcy court's orders and returned the parties to status quo ante. While respondents fail to cite any authority supporting this position in their brief,[6] a review of Section 349(b)2 of the Bankruptcy Code, 11 U.S.C.A. § 349 instructs that:

> Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title … (2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title[.]

---

[5] Pursuant to Rule 58 of the Federal Rules of Civil Procedure, which is made applicable in bankruptcy proceedings by Rule 7058 of the Federal Rules of Bankruptcy Procedure.

[6] During oral arguments before this Court, Respondents' counsel represented to this Court that in crafting the response(s) to the continued validity of the bankruptcy court order and its preclusive effect, that he consciously choose not to provide what he contended to be dispositive authority to the contrary. Obviously, this Court will not consider alleged controlling authority which a party voluntarily refuses to reveal.

As evidenced by the case law, "[u]nless the court indicates otherwise, the general effect of an order of dismissal is to restore the status quo ante. It is as though the bankruptcy case never had been brought." *In re Lewis & Coulter, Inc.*, 159 B.R. 188, 190 (Bankr. W.D. Pa. 1993). However, in the instant case, the judgment of the bankruptcy court was not issued pursuant to section 522(i)(1), 542, 550, or 553. Here, the bankruptcy court denied Timberline's motion for reconsideration and, by doing so expressed its intention to have the preclusive effect of the final order entered on October 25, 2021, order remain regardless of any PSC's determination regarding the Agreement.

Courts have previously recognized that a bankruptcy court's determination disallowing a claim is preclusive. *In re Negrea*, 2019 WL 507516, (Bankr. C.D. Cal. 2019) (finding courts had previously given preclusive effect to orders both allowing and disallowing claims, as well as noting that prior decisions have held that res judicata was applicable even in bankruptcy cases that were dismissed/where a debtor did not receive discharge). The *Negrea* court reasoned:

> In light of these cases, the Court finds that the Disallowance Order is entitled to preclusive effect. Because the Disallowance Order was a decision on the merits, has not been vacated by statute and is no longer subject to appeal or reconsideration, the Disallowance Order stands as a final order . . . . In fact, to hold otherwise would provide a windfall to a debtor who may lose on the merits of an objection to a creditor's claim, cause the dismissal of his or her bankruptcy case prior to confirmation or discharge and file a new case, hoping to relitigate allowance of the claim with new arguments. Allowing such relitigation of an issue previously decided on the merits would deplete judicial and party resources.

12

*In re Negrea*, at \*6-9.

Additionally, the United States Supreme Court has long held that federal court judgments are entitled to full faith and credit in the states. The Supreme Court has consistently held that, a determination by a bankruptcy court which was never appealed was res judicata and "settled the contest over jurisdiction." *See Stoll v. Gottlieb*, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104 (1938). The disappointed party [creditor] could only obtain review of that determination (even if it was incorrect) by direct appeal, and not through a collateral proceeding in a state court. *Id.* at 171-72, 59 S.Ct. 134. The Supreme Court of Appeals of West Virginia has recognized "full faith and credit" and has previously noted that when a federal court sitting in diversity jurisdiction makes a determination of a state law question, such determination shall receive full faith and credit if the state's rules of res judicata or claim preclusion dictate such preclusive effect of said judgment. *See Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 239 W. Va. 549, 559, 803 S.E.2d 519, 529 (2017).

Having determined, under the limited facts and circumstances of this case, that the bankruptcy court's October 25, 2021, order was enforceable following the dismissal of the bankruptcy, we now examine whether that order was res judicata as to the current dispute between the parties. "The doctrine of res judicata is based on a recognized public policy to quiet litigation and on a desire that individuals should not be forced to litigate an issue more than once." *Baker v. Chemours Co. FC, LLC*, 244 W. Va. 553, 557, 855 S.E.2d 344, 348 (2021) (internal citations omitted). As discussed in syllabus point 4 of *Blake v.*

13

*Charleston Area Medical Center, Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997), the Supreme

Court of Appeals of West Virginia has stated that res judicata requires:

> First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action.

*Id.* (emphasis added). We will address each of these factors in turn.

We find it compelling that Timberline chose to submit itself to the jurisdiction of the bankruptcy court pursuant to Chapter 11 and that both Timberline and Kapitus participated in that action. During the bankruptcy process, the bankruptcy court is obligated to review disputed claims against a debtor and is empowered with the ability to determine validity and priority of such claims. Therefore, we find the subject matter on dispute was well within the bankruptcy court's jurisdiction. As admitted by Timberline and evidenced in the record, Timberline failed to file a direct appeal to the entered judgment of the bankruptcy court that found a voidable but enforceable contract between itself and Kapitus. It is without doubt that the validity of this contractual relationship was incorporated into an enforceable final order before the bankruptcy court. As discussed above, the subsequent dismissal of the bankruptcy action is without effect in that regard.

With the bankruptcy court having subject matter jurisdiction and a final adjudication on the merits, we look to the identity of the parties. Res judicata requires that the prior and current litigation must involve the same parties or parties in privy. It is undisputed that both, Kapitus and Timberline, were present before the bankruptcy court. Nothing within the procedural history, nor in the appellate record, suggests that Timberline and Kapitus did not have a full and fair opportunity to litigate the issues in the bankruptcy action. Since the parties to this litigation and the bankruptcy were identical and had the opportunity to litigate the issue, this res judicata factor has been satisfied.

Lastly, "[o]ne of the essentials of res judicata is that the issue raised in the second action or suit must be identical with the issue raised and determined in the first action or suit." Syl. Pt. 1, *Soto v. Hope Nat. Gas Co*., 142 W. Va. 373, 95 S.E.2d 769 (1956). In the instant case, the question before the bankruptcy court was whether there was an enforceable contractual relationship between Timberline and Kapitus when their Agreement was not preapproved by the PSC pursuant to West Virginia Code § 24-2-12 (1984). We find this question to be identical to that presented to the Circuit Court of Tucker County, Business Division.

Having determined that the bankruptcy court's memorandum opinion satisfies the factors to establish res judicata, the opinion must be provided its preclusive effect. Therefore, we find the business court erred in failing to find that the bankruptcy court's

October 25, 2021, order was res judicata as to the current dispute between the parties. As we find this error to be dispositive, we need not address the remaining assignments of error.

In an attempt to avoid preclusion, Timberline asserts that Kapitus waived any res judicata entitlement which may have resulted from the bankruptcy order due to Kapitus' failure to participate and assert such before the PSC. We disagree. It is well settled law that the principles of res judicata do not permit a litigant to abandon a claim in one proceeding between parties so that it may assert such claim in another proceeding between the same parties. *See Am. Indus. Leasing Co. v. Law*, 458 F. Supp. 764, 769 (D. Md. 1978). Further, Kapitus' presence before the PSC was not mandatory. There was not a mandatory counterclaim nor defense required to be filed with the PSC when Kapitus had already obtained a final order on contractual validity and was engaged in a circuit court action to obtain relief. There is no requirement that an aggrieved party must exhaust all administrative remedies before the PSC before pursuing a claim for damages in a circuit court. *See Hedrick v. Grant Cnty. Pub. Serv. Dist.*, 209 W. Va. 591, 595–96, 550 S.E.2d 381, 385–86 (2001). Finally, Timberline has provided no authority to support the concept that a party may waive a res judicata argument by failing to appear and assert it in a non-mandatory administrative proceeding.

Timberline further argues that the PSC determination is entitled to res judicata effect. Again, we disagree with Timberline. The bankruptcy court entered a final order from which Timberline could have filed a direct appeal; however Timberline failed to file

16

such appeal in the matter. Once such determination became final, the PSC was precluded from making a determination to the contrary. *See Bison Ints., LLC v. Antero Res. Corp.*, 244 W. Va. 391, 398, 854 S.E.2d 211, 218 (2020) (An adjudication by a court having jurisdiction of the subject-matter and the parties is final and conclusive, not only as to the matters actually determined, but as to every other matter which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject-matter of the action). Res judicata seeks to avoid parties being "twice vexed for one and the same cause." *See Conley v. Spillers*, 171 W. Va. 584, 588 301 S.E.2d 216, 219 (1983). Below, Kapitus was not required to participate in the PSC proceedings initiated by respondents. Thus, as Kapitus was not a party to the PSC proceedings, under *Blake* and the principles of res judicata, it would be inappropriate to bind it to the PSC's decision. To allow Timberline's argument frustrates the purpose of finality and the application of res judicata.

Therefore, as it relates to the October 25, 2021, bankruptcy court order, we conclude the principles of res judicata under the existing laws of the state of West Virginia are satisfied in their application and, as such, require the Circuit Court of Tucker County, Business Division, to provide the bankruptcy court's final order its preclusive effect as to the issue of enforceability. As we find this error to be dispositive, we need not address the remaining assignments of error.

## IV. Conclusion

Wherefore, for the foregoing reasons, the December 20, 2022, order of the Business Court Division of The Circuit Court of Tucker County, is hereby reversed. This case is remanded to the Business Court Division of The Circuit Court of Tucker County for the entry of an order denying respondents' *Motion to Dismiss*.

Reversed and Remanded with Directions